**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALKEM LABORATORIES LIMITED and ASCEND LABORATORIES, LLC,<br><br>Defendants. | C.A. No. 18-189-RGA |

**DEFENDANTS ALKEM LABORATORIES LIMITED AND ASCEND LABORATORIES, LLC'S ANSWER TO PLAINTIFF TAKEDA PHARMACEUTICALS U.S.A., INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Alkem Laboratories Limited and Ascend Laboratories, LLC (collectively "Defendants" or "Alkem") hereby submit their Answer to Plaintiff Takeda Pharmaceuticals U.S.A., Inc.'s ("Plaintiff" or "Takeda") Complaint ("Complaint") for Patent Infringement.

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the Complaint purports to bring an action under the Food and Drug and Patent Laws of the United States, U.S.C. Titles 21 and 35 respectively, arising from Alkem's filing of Abbreviated New Drug Application ("ANDA") No. 211250 (the "Alkem ANDA") to the United States Food and Drug Administration ("FDA"). Alkem admits that Alkem Ltd. filed the Alkem ANDA with the FDA seeking approval for the product described in the Alkem ANDA (the "Alkem ANDA Product"). Alkem admits that the Alkem ANDA was filed prior to the expiration of United States Patent Nos. 7,906,519; 7,935,731; 8,093,298; 7,964,648; 8,093,297; 7,619,004; 7,601,758; 7,820,681;

7,915,269; 7,964,647; 7,981,938; 8,093,296; 8,097,655; 8,415,395; 8,415,396; 8,440,721; and 8,440,722. Alkem denies all remaining allegations in Paragraph 1 of the Complaint.

## THE PARTIES

2. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Admitted.

4. Admitted.

5. Admitted.

6. Alkem admits that as part of Alkem's business, and as permitted by law, Alkem is involved in the making of drug products and the marketing and sale of drug products in the United States. Alkem denies all remaining allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, Alkem admits that Alkem Ltd. filed ANDA No. 211250 with the FDA for Alkem's ANDA Product, that Ascend is an agent or affiliate of Alkem Ltd., and that Ascend is acting as the agent of Alkem Ltd. with respect to the Alkem ANDA. Alkem denies all remaining allegations in Paragraph 7 of the Complaint.

8. Alkem admits that as part of Alkem's business, and as permitted by law, Alkem is involved in the making of drug products and the marketing and sale of drug products in the United States. Alkem denies all remaining allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Alkem admits that Plaintiff alleges that this action purports to arise under 35 U.S.C. § 271. Alkem denies the remaining allegations of Paragraph 9 of the Complaint.

10. For purposes of this action only, Alkem does not contest subject matter jurisdiction in this Court.

11. For purposes of this action only, Alkem does not contest that this Court has personal jurisdiction over Alkem Ltd. and Ascend under the laws of Delaware, 10 Del. C. § 3104(c), and/or Fed. R. Civ. P. 4(k)(2).

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 12 of the Complaint.

13. Alkem admits that as part of Alkem's business, and as permitted by law, Alkem is involved in the making of drug products and the marketing and sale of drug products in the United States. Alkem denies all remaining allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that Alkem Ltd. filed ANDA No. 211250 with the FDA for Alkem's ANDA Product, that Ascend is an agent or affiliate of Alkem Ltd., and that Ascend is acting as the agent of Alkem Ltd. with respect to the Alkem ANDA. Alkem denies the remaining allegations of Paragraph 14 of the Complaint.

15. Alkem admits that, if ANDA No. 211250 is approved, Alkem will be permitted to market, distribute, offer for sale, and/or sell Alkem's ANDA Product in the United States. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that Alkem Ltd. has previously

been subject to suit in this District and that it has previously asserted counterclaims in this District. Alkem denies the remaining allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Ascend admits that Ascend has previously been subject to suit in this District. Alkem denies the remaining allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that S&B Pharma, Inc. is a wholly owned subsidiary of Alkem Ltd. incorporated under the laws of Delaware that has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent for the receipt of service of process but denies that the existence of such non-party subsidiary is relevant to the allegations of this action.

20. For purposes of this action only, Alkem does not contest venue in this Court.

**STATEMENT OF ALLEGED FACTS RELEVANT TO ALL COUNTS**

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Alkem admits that the FDA-approved label for Colcrys® states that it is indicated for prophylaxis and treatment of gout flares as well as for the treatment of Familial Mediterranean Fever ("FMF"). Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and therefore denies them.

23. Alkem admits that the FDA-approved label for Colcrys® states that it is indicated for prophylaxis and treatment of gout flares as well as for the treatment of FMF. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Alkem admits that the FDA's records indicate that Takeda received Orphan Drug exclusivity for Colcrys® and that such records indicate that such exclusivity expired July 29, 2016. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies them.

28. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. Alkem admits that Exhibit B to the Complaint purports to be a copy of the *2012 American College of Rheumatology Guidelines for Management of Gout. Part 2: Therapy and Antiinflammatory Prophylaxis of Acute Gouty Arthritis*, 64 Arthritis Care & Research No. 10, 1447-61 (Oct. 2012), which, as a document, speaks for itself. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and therefore denies them.

30. Alkem admits that Exhibit A to the Complaint purports to be a copy of the November 2011 Revision of the Colcrys® label, which, as a document, speaks for itself. Alkem further admits that Exhibit B to the Complaint purports to be a copy of the *2012 American College of Rheumatology Guidelines for Management of Gout. Part 2: Therapy and Antiinflammatory Prophylaxis of Acute Gouty Arthritis*, 64 Arthritis Care & Research No. 10, 1447-61 (Oct. 2012), which, as a document, speaks for itself. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint and therefore denies them.

**TAKEDA'S ALLEGED COLCRYS® PATENTS**

31. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them. Alkem admits that, with regard to the allegations of Subparagraphs A-Q, Takeda purports to attach to the Complaint copies of the patents identified in these Subparagraphs, which, as documents, speak for themselves regarding their titles, the identity of the purported inventor(s), and issuance dates. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Alkem admits that Takeda purports to refer to the '519, '731, '298, '648, and '297 Patents as the "FMF Patents." Alkem denies the remaining allegations in Paragraph 32 of the Complaint.

33. Alkem admits that Takeda purports to refer to the '004, '758, '681, '269, '647, '648, '938, '296, '297, '655, '395, '396, '721, and '722 Patents as the "Gout Patents," and that Takeda purports that the '648 and '297 Patents are both FMF Patents and Gout Patents. Alkem denies the remaining allegations in Paragraph 33 of the Complaint.

34. Alkem admits that Takeda purports to refer to all of the above-listed patents as the "Colcrys® Patents." Alkem denies the remaining allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the Colcrys® Patents are listed in the FDA's Orange Book. Alkem denies the remaining allegations of Paragraph 35 of the Complaint.

## THE ALLEGED GOUT AND FMF MARKETS IN THE UNITED STATES

36. Alkem admits that the FDA-approved label for Colcrys® states that it is indicated for prophylaxis and treatment of gout flares as well as for the treatment of FMF. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint and therefore denies them.

37. Alkem admits that the Alkem ANDA seeks approval from the FDA for generic colchicine tablets for the treatment of FMF. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint and therefore denies them.

38. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies them.

39. Denied.

## ALLEGED PHYSICIAN PRESCRIBING PRACTICES AND PHARMACY DISPENSING PRACTICES

40. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41. Alkem admits that Exhibit T to the Complaint purports to be an excerpt of the 2016 National Association of Boards of Pharmacy (NABP) *Survey of Pharmacy Law* at 71-74,

which, as a document, speaks for itself. Alkem admits that Exhibit U to the Complaint purports to be a copy of Jim Edwards, Moneywatch—CBS News, *How Pharmacists Keep Cash That Could Be Yours on Each Generic Prescription* (May 27, 2011), http://www.cbsnews.com/news/how-pharmacists-keep-cash-that-could-be-yours-on-each-generic-prescription/, which, as a document, speaks for itself. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore denies them.

42. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies them.

43. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies them.

**ALKEM'S ALLEGED ACTIONS GIVING RISE TO THIS SUIT**

44. Alkem admits that Alkem Ltd. submitted ANDA No. 211250 to the FDA seeking approval for Alkem's ANDA Product prior to the expiration of Takeda's patents allegedly relating to Colcrys®. Alkem denies the remaining allegations of Paragraph 44 of the Complaint.

45. Alkem admits that Alkem Ltd. sent a letter dated December 22, 2017 to Takeda notifying Takeda of Alkem Ltd.'s submission to the FDA of ANDA No. 211250 seeking approval for Alkem's ANDA Product to treat FMF. Alkem admits that such letter contained a Paragraph IV Certification with respect to, *inter alia*, the '519, '731, '298, '648, and '297 Patents. Alkem admits that the Paragraph IV Notice Letter was sent only on behalf of Alkem Ltd. Alkem admits that Ascend is acting on Alkem Ltd.'s behalf with respect to Alkem's ANDA. Alkem admits that the Paragraph IV Notice Letter asserts that it is entitled to bring the Alkem ANDA Product to market prior to the expiration of the '519, '731, '298, '648, and '297

Patents because those patents are invalid, unenforceable, and/or would not be infringed. Alkem denies the remaining allegations of Paragraph 45 of the Complaint.

46. Alkem admits that the Paragraph IV Notice Letter included a detailed statement of the factual and legal basis for the certifications set forth in Alkem's ANDA. Alkem further admits that the Paragraph IV Notice Letter set forth at least some of Alkem's positions regarding the noninfringement and invalidity of the '519, '731, '298, '648, and '297 Patents. Alkem reserves the right to proffer in this litigation positions regarding the noninfringement, invalidity, and/or unenforceability of the '519, '731, '298, '648, and '297 Patents not included in the Paragraph IV Notice letter. Alkem denies the remaining allegations of Paragraph 46 of the Complaint.

47. Alkem admits that the Paragraph IV Notice Letter included an offer to Takeda of confidential access pursuant to 21 U.S.C. § 355(G)(5)(C), which Takeda accepted. Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and therefore denies them.

48. Alkem admits that the Paragraph IV Notice Letter does not state that Alkem is seeking approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of the Alkem ANDA Product for the treatment or prevention of gout flares. Alkem is without knowledge or information sufficient to form a belief as to Takeda's information and belief, but denies that it has submitted a statement under 35 U.S.C. § 355 (j)(2)(A)(viii) to the FDA with respect to Takeda's Gout Patents. Alkem admits, however, that it has submitted a statement under 21 U.S.C. § 355 (j)(2)(A)(viii) to the FDA with respect to Takeda's Gout Patents.

49. Admitted.

**ALKEM'S ALLEGED INFRINGEMENT OF THE FMF PATENTS**

50. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the FDA approved label for Colcrys® is a document, which speaks for itself. To the extent a response is required, Alkem denies the allegations of Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. The requirements for the regulations promulgated by the FDA, including 21 C.F.R. §§ 314.93 and 314.94(a)(8)(iv) speak for themselves. To the extent that an answer is required, Alkem denies the allegations of Paragraph 51 of the Complaint.

52. Alkem admits that the FDA-approved label for Colcrys® is a document, which speaks for itself. To the extent a response is required, Alkem denies the allegations of Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the FDA-approved label for Colcrys® is a document, which speaks for itself. Alkem further admits that Takeda's patents are documents, which speak for themselves. To the extent a response is required, Alkem denies the allegations of Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 56 of the Complaint.

57. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies them.

58. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies them.

59. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies them.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies them.

## ALKEM'S ALLEGED INFRINGEMENT OF THE GOUT PATENTS

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 61 of the Complaint.

62. Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem admits that the section viii carve-out statement(s) it submitted to FDA is a document, which speaks for itself. Alkem denies the remaining allegations of Paragraph 62 of the Complaint.

63. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies them.

64. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies them.

65. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies them.

66. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies them.

67. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies them.

68. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore denies them.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies them.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that Alkem Ltd. filed the Alkem ANDA with the FDA seeking approval of the Alkem ANDA Product. Alkem denies the remaining allegations of Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that Alkem Ltd. filed the Alkem ANDA with the FDA seeking approval of the Alkem ANDA Product. Alkem denies the remaining allegations of Paragraph 71 of the Complaint.

72. Alkem admits that Alkem Ltd. filed the Alkem ANDA with the FDA seeking approval of the Alkem ANDA. Alkem further admits that Alkem Ltd. continues to seek FDA approval of the Alkem ANDA Product. Alkem denies the remaining allegations of Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that Alkem is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that, while the Paragraph IV Notice Letter indicates that Alkem's ANDA No. 211250 seeks FDA approval for both 0.6 mg and 0.3 mg colchicine tablets, counsel for Alkem subsequently has represented to Takeda that ANDA No. 211250 only seeks approval for a 0.6 mg tablet. Alkem denies the remaining allegations of Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that Alkem's ANDA No. 211250 seeks FDA approval for a 0.6 mg colchicine tablet. Alkem denies the remaining allegations of Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint and therefore denies them.

77. Alkem admits that the Alkem ANDA seeks FDA approval of the Alkem ANDA Product for the treatment of FMF. Alkem further admits that it is not seeking FDA approval of the Alkem ANDA Product for the treatment of gout flairs. Alkem denies the remaining allegations of Paragraph 77 of the Complaint.

78. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies them.

79. Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies them.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore denies them.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 82 of the Complaint.

## EXCEPTIONAL CASE

83. Alkem admits that Alkem is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 84 of the Complaint.

## COUNT I
## (Alleged Infringement of the ’519 Patent)

85. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-84 of the Complaint as if fully set forth herein.

86. Paragraph 86 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem’s Paragraph IV Certification constitutes a technical act of infringement of the ’519 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem’s Paragraph IV Certification constitutes a technical act of infringement of the ’519 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 90 of the Complaint.

**COUNT II**
**(Alleged Infringement of the ’731 Patent)**

91. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-90 of the Complaint as if fully set forth herein.

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem’s Paragraph IV Certification constitutes a technical act of infringement of the ’731 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem’s Paragraph IV Certification constitutes a technical act of infringement of the ’731 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 96 of the Complaint.

**COUNT III**
**(Alleged Infringement of the '298 Patent)**

97. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-96 of the Complaint as if fully set forth herein.

98. Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem's Paragraph IV Certification constitutes a technical act of infringement of the '298 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 101 of the Complaint.

**COUNT IV**
**(Alleged Infringement of the '648 Patent)**

102. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-101 of the Complaint as if fully set forth herein.

103. Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem's Paragraph IV Certification constitutes a technical act of infringement of the '648 Patent solely

for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem's Paragraph IV Certification constitutes a technical act of infringement of the '648 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 106 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

107. Paragraph 107 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 107 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 109 of the Complaint.

**COUNT V**
**(Alleged Infringement of the '297 Patent)**

110. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-109 of the Complaint as if fully set forth herein.

111. Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem's Paragraph IV Certification constitutes a technical act of infringement of the '297 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that the filing of Alkem's Paragraph IV Certification constitutes a technical act of infringement of the '297 Patent solely for the purpose of conferring subject matter jurisdiction. Alkem denies the remaining allegations of Paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 114 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

115. Paragraph 115 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 115 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

116. Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 117 of the Complaint.

**COUNT VI**
**(Alleged Infringement of the ’004 Patent)**

118. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-117 of the Complaint as if fully set forth herein.

119. Paragraph 119 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of

Paragraph 119 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

120. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 120 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

121. Paragraph 121 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 121 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

122. Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 122 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

## COUNT VII
## (Alleged Infringement of the ’758 Patent)

123. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-122 of the Complaint as if fully set forth herein.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents

listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 124 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

125. Paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 125 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

126. Paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 126 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

127. Paragraph 127 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 127 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT VIII**
**(Alleged Infringement of the ’681 Patent)**

128. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-127 of the Complaint as if fully set forth herein.

129. Paragraph 129 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 129 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

130. Paragraph 130 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 130 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

131. Paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 131 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

132. Paragraph 132 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 132 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT IX**
**(Alleged Infringement of the '269 Patent)**

133. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-132 of the Complaint as if fully set forth herein.

134. Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 134 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

135. Paragraph 135 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 135 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

136. Paragraph 136 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 136 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

137. Paragraph 137 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 137 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987

(RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT X**
**(Alleged Infringement of the '647 Patent)**

138. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-137 of the Complaint as if fully set forth herein.

139. Paragraph 139 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 139 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

140. Paragraph 140 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 140 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

141. Paragraph 141 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 141 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

142. Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph

142 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT XI**
**(Alleged Infringement of the '938 Patent)**

143. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-142 of the Complaint as if fully set forth herein.

144. Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 144 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

145. Paragraph 145 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 145 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

146. Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 146 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

147. Paragraph 147 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 147 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT XII**
**(Alleged Infringement of the '296 Patent)**

148. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-147 of the Complaint as if fully set forth herein.

149. Paragraph 149 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 149 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

150. Paragraph 150 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 150 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

151. Paragraph 151 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 151 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987

(RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

152. Paragraph 152 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 152 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT XIII**
**(Alleged Infringement of the '655 Patent)**

153. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-152 of the Complaint as if fully set forth herein.

154. Paragraph 154 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 154 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

155. Paragraph 155 of the Complaint contains legal conclusions to which no response is required. Alkem denies the remaining allegations of Paragraph 155 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

156. Paragraph 156 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 156 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987

(RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

157. Paragraph 157 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 157 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT XIV**
**(Alleged Infringement of the '395 Patent)**

158. Alkem reasserts and incorporates by reference Alkem's responses to Paragraphs 1-157 of the Complaint as if fully set forth herein.

159. Paragraph 159 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 159 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

160. Paragraph 160 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 160 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

161. Paragraph 161 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph

161 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

162. Paragraph 162 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 162 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT XV**
**(Alleged Infringement of the ’396 Patent)**

163. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-162 of the Complaint as if fully set forth herein.

164. Paragraph 164 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 164 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

165. Paragraph 165 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 165 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

166. Paragraph 166 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 166 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

167. Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 167 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

## COUNT XVI
## (Alleged Infringement of the ’721 Patent)

168. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-167 of the Complaint as if fully set forth herein.

169. Paragraph 169 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 169 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

170. Paragraph 170 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 170 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987

(RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

171. Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 171 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

**COUNT XVII**
**(Alleged Infringement of the ’722 Patent)**

172. Alkem reasserts and incorporates by reference Alkem’s responses to Paragraphs 1-171 of the Complaint as if fully set forth herein.

173. Paragraph 173 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem admits that it is aware of the patents listed in the Orange Book entry for Colcrys®. Alkem denies the remaining allegations of Paragraph 173 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

174. Paragraph 174 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 174 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

175. Paragraph 175 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph

175 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

176. Paragraph 176 of the Complaint contains legal conclusions to which no response is required. To the extent that an answer is required, Alkem denies the allegations of Paragraph 176 of the Complaint. *See Takeda Pharma, U.S.A., Inc. v. Mylan Pharma, Inc.*, No. 16-987 (RGA), 2017 WL 3326663, at *1-3 (D. Del. Aug. 3, 2017) (dismissing gout-related claims from action against Mylan).

## TAKEDA PHARMACEUTICALS' PRAYER FOR RELIEF

Any allegations in the Complaint not expressly admitted by Alkem are hereby denied. Alkem denies that Takeda is entitled to any of the relief requested in their Prayer for Relief or to any relief whatsoever.

## ALKEM'S ADDITIONAL DEFENSES

Alkem asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise specifically admitted.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of the '519 Patent)

The claims of the '519 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### SECOND AFFIRMATIVE DEFENSE
### (No Direct Infringement of the '519 Patent)

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem's ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '519 patent.

**THIRD AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’519 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’519 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’731 Patent)**

The claims of the ’731 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FIFTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’731 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’731 patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’731 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’731 patent.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’298 Patent)**

The claims of the ’298 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’298 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’298 patent.

**NINTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’298 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’298 patent.

**TENTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’648 Patent)**

The claims of the ’648 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’648 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’648 patent.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’648 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do

not, and will not contribute to the infringement of any valid and enforceable claim of the ’648 patent.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’297 Patent)**

The claims of the ’297 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’297 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’297 patent.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’297 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’297 patent.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’004 Patent)**

The claims of the ’004 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’004 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’004 patent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’004 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’004 patent.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’758 Patent)**

The claims of the ’758 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’758 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’758 patent.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’758 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do

not, and will not contribute to the infringement of any valid and enforceable claim of the ’758 patent.

**<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**
**(Invalidity of the ’681 Patent)**

The claims of the ’681 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**
**(No Direct Infringement of the ’681 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’681 patent.

**<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**
**(No Indirect Infringement of the ’681 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’681 patent.

**<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**
**(Invalidity of the ’269 Patent)**

The claims of the ’269 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’269 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’269 patent.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’269 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’269 patent.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’647 Patent)**

The claims of the ’647 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’647 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’647 patent.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’647 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do

not, and will not contribute to the infringement of any valid and enforceable claim of the ’647 patent.

**<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>**
**(Invalidity of the ’938 Patent)**

The claims of the ’938 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*., including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**<u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>**
**(No Direct Infringement of the ’938 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’938 patent.

**<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>**
**(No Indirect Infringement of the ’938 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’938 patent.

**<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>**
**(Invalidity of the ’296 Patent)**

The claims of the ’296 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq*., including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>**
**(No Direct Infringement of the ’296 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’296 patent.

**<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>**
**(No Indirect Infringement of the ’296 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’296 patent.

**<u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>**
**(Invalidity of the ’655 Patent)**

The claims of the ’655 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**<u>THIRTY-EIGHTH AFFIRMATIVE DEFENSE</u>**
**(No Direct Infringement of the ’655 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’655 patent.

**<u>THIRTY-NINTH AFFIRMATIVE DEFENSE</u>**
**(No Indirect Infringement of the ’655 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do

not, and will not contribute to the infringement of any valid and enforceable claim of the ’655 patent.

**FORTIETH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’395 Patent)**

The claims of the ’395 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FORTY-FIRST AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’395 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’395 patent.

**FORTY-SECOND AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’395 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’395 patent.

**FORTY-THIRD AFFIRMATIVE DEFENSE**
**(Invalidity of the ’396 Patent)**

The claims of the ’396 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’396 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’396 patent.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’396 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’396 patent.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’721 Patent)**

The claims of the ’721 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’721 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’721 patent.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’721 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do

not, and will not contribute to the infringement of any valid and enforceable claim of the ’721 patent.

**FORTY-NINTH AFFIRMATIVE DEFENSE**
**(Invalidity of the ’722 Patent)**

The claims of the ’722 patent are invalid and/or unenforceable under 35 U.S.C. §§ 101, *et seq.*, including, *inter* alia, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

**FIFTIETH AFFIRMATIVE DEFENSE**
**(No Direct Infringement of the ’722 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’722 patent.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**
**(No Indirect Infringement of the ’722 Patent)**

The manufacture, use, offer for sale, sale, or importation of the products described in Alkem’s ANDA No. 211250 do not and will not induce the infringement of, and have not, do not, and will not contribute to the infringement of any valid and enforceable claim of the ’722 patent.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff’s Complaint, in whole and/or part, fails to state a claim upon which relief can be granted.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Exceptional or Willful Infringement)**

Plaintiff fails to state a proper claim for an exceptional case and/or willful infringement.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

Alkem reserves the right to plead additional affirmative defenses or counterclaims that may be revealed through the course of discovery, including unenforceability.

*Of Counsel*

A. Neal Seth
Rachel Hunnicutt
Alexander Owczarczak
Wiley Rein LLP
1776 K St., NW
Washington, D.C. 20006
(202) 719-7000 phone
(202) 719-7049 facsimile
nseth@wileyrein.com
rhunnicutt@wileyrein.com
aowczarczak@wileyrein.com

April 2, 2018

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
302-651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants Alkem Laboratories Limited and Ascend Laboratories, LLC*